UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS

VICTOR CLARK KIRK                                       NO. 19-00115-BAJ-RLB

### RULING AND ORDER

Before the Court is Defendant's **Motion For New Trial**. (Doc. 181). The Motion is opposed. (Doc. 197). For reasons to follow, Defendant's Motion will be denied.

### I.  BACKGROUND

Following a six-day jury trial, Defendant was found guilty of all six counts charged in the Indictment—one count of conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349, and five counts of health care fraud, in violation of 18 U.S.C. §§ 2 and 1347. Defendant timely filed the instant Motion.

### II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33 permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33 also permits motions for new trial based on two grounds: (1) newly discovered evidence or (2) "other grounds." Rule 33 is generally invoked in two situations. *United States v. Hoffman*, 901 F.3d 523, 552 (5th Cir. 2018). "One is when error infects the trial—

1

perhaps the erroneous admission or exclusion of evidence, . . . . The other is when the court believes the evidence weighs 'heavily against the verdict.'" *United States v. Crittenden*, 46 F.4th 292, 296 (5th Cir. 2022); *see also Hoffman*, 901 F.3d at 552.

In addition, "[M]otions for new trial are generally disfavored [and] district courts have wide discretion with respect to Rule 33 motions." *United States v. Mahmood*, 820 F.3d 177, 190 (5th Cir. 2016). "[T]his power should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). "[A] new trial ordinarily should not be granted 'unless there would be a miscarriage of justice or the weight of the evidence preponderates against the verdict.'" *United States v. Wright*, 643 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). Further, "[a] district court does not have the authority to grant a motion for a new trial under Rule 33 on a basis not raised by the defendant." *United States v. Shoemaker*, 746 F.3d 614, 631–32 (5th Cir. 2014) (quoting *United States v. Nguyen*, 507 F.3d 836, 839 (5th Cir. 2007)).

### III. DISCUSSION

Defendant asserts that the interest of justice requires a new trial for two reasons. First, the Court allowed introduction of and the jury heard "hearsay testimony by parents of the children who were purportedly misdiagnosed with Axis 1 mental health disorders." (Docs. 181, ¶ 4; 181-1, pp. 2–4). Second, Defendant suggests that Government Exhibit 601, styled as the Louisiana Behavioral Health Partnership

Service Definitions and published by the Louisiana Department of Health and Hospitals, was improperly introduced at trial. (Docs. 181, ¶ 5; 181-1, pp. 4–8).

Defendant specifically states that his Rule 33 motion is not raised under the "evidence-weighing" analysis contemplated in *Crittenden*, but under the "trial error" situation. (Doc. 181-1, p. 10). Therefore, the Court considers whether there would be a miscarriage of justice by not ordering a new trial. *See Crittenden*, 46 F.4th at 296–97; *Wright*, 634 F.3d at 775.

Regarding the introduction of parental testimony, the Court denies Defendant's request. The Court finds that the testimony met the low bar of relevance for introduction at trial under Federal Rule of Evidence 401. In this healthcare fraud case, the Government was required to prove Defendant's specific intent to defraud. In this Circuit, because of the "difficulty in proving specific intent," the Government may "introduce any evidence remotely bearing on the question of fraudulent intent." *United States v. Foshee*, 606 F.2d 111, 112–13 (5th Cir. 1979) (discussing in the context of mail fraud cases). The testimony touched upon Defendant's concealment, victimization, and knowledge.

Upon review, the Court finds that it took great care to only permit statements by the parents of their personal knowledge and/or observations, and that any third-party statements regarding services or billing were not offered for the truth of the matter therein.

Further, the parental testimony was not overly prejudicial. As discussed above,

the Court permitted the testimony that touched upon elements of the charged offenses. Further, when instructing the jury prior to their deliberations, the Court instructed the jury, multiple times, to not allow passion, prejudice, or sympathy to influence their verdict. In the instructions, the Court specifically identified the testimony of the parental witnesses, instructing the jury that "such expressions or frustration and displeasure cannot factor in your consideration of the evidence or your verdict." Trial Tr. (final) 9/23/22, at 12:1–12:3.[1] The probative value of the parental testimony was not "substantially outweighed" by any purported unfair prejudice to Defendant.

Regarding, the introduction of Government Exhibit 601, the Court denies Defendant's request. The Government may use regulatory violations to "provide clarity in regards to criminal violations alleged when the prosecution also adequately proved the charged crime." *United States v. Umawa Oke Imo*, 739 F.3d 226, 233 (5th Cir. 2014). "[E]vidence of Medicare violations [may] assist[] the jury in understanding [a] health care fraud scheme and [demonstrate] the defendant's intent." *Id*. Here,

---

[1] In full, the Court instructed the jury as follows:

> I remind you, again, however, that passion, prejudice, or your own sympathy for such witnesses may not influence your verdict. Although you may have heard testimony that some parents were upset with certain forms of treatment provided to their children, such expressions or frustration and displeasure cannot factor in your consideration of the evidence or your verdict. Remember, you should only consider the substance of the testimony.

Trial Tr. (final) 9/23/22, at 11:21–12:4.

4

upon review of the relevant filings and the trial transcript, Government Exhibit 601 was introduced to show Defendant's intent and not to usurp the authority of the charged offenses. In fact, the Court specifically instructed the jury on the manner it could consider of such evidence.[2]

---

[2] The Court instructed the jury that:

> During this trial you have heard testimony regarding civil and administrative rules, regulations, and contract terms. A violation of a civil or administrative rule, regulation, or contract term is not a crime. This is not a civil case. The Defendant is not on trial for a civil or administrative violation. Even if you find that the Defendant violated applicable civil or administrative rules, regulations, or contract terms, that alone would not be a criminal violation. However, civil or administrative rules, regulations, and contract terms may be relevant to determine whether a defendant acted with criminal intent; that is, knowingly and willfully or with the specific intent to defraud.

Trial Tr. (final) 9/23/22, at 18:4–17.

## IV. CONCLUSION

The Court finds that it would not be a miscarriage of justice to deny Defendant's motion for a new trial.

**Accordingly,**

**IT IS ORDERED** that Defendant's Motion For New Trial In The Interest Of Justice, Pursuant To Rule 33, Federal Rules Of Criminal Procedure (Doc. 181) be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 6th day of January, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**