**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 19-cr-115-BAJ-RLB |
| *versus* | : | |
| | : | |
| VICTOR CLARK KIRK | : | |

<u>**MEMORANDUM IN SUPPORT OF PROPOSED AMENDED ORDER OF FORFEITURE**</u>

The government hereby submits its Memorandum in Support of Proposed Amended Order of Forfeiture, as ordered by the Court. Doc. No. 240. As set forth below, the government recognizes that it did not adequately address at sentencing the financial records pertaining to the total revenue of St. Gabriel Health Clinic ("St. Gabriel") that were submitted by Defendant. Upon further consideration of those records, the government submits that a revised forfeiture amount of $176,880.37 is appropriate. The government requests that following the hearing, the Court enter the government's proposed Amended Order of Forfeiture.

## I.    BACKGROUND

Defendant Victor Clark Kirk ("Defendant") was convicted at trial of all six counts of the Indictment, including one count of conspiracy to commit health care fraud and five counts of health care fraud. Doc. No. 151. Following sentencing, the Court entered a forfeiture money judgment in the amount of $234,789.87, Doc. No. 214, and imposed a $30,000 fine.

Regarding forfeiture, this Court found, based upon the government's argument, that because approximately 45% of St. Gabriel's Medicaid revenue was based on fraudulent claims, this percentage should be applied to the salary and other payments received by Defendant during the conspiracy (totaling $340,644.17), for a forfeiture amount of $153,289.87. As discussed below, the government's argument on this point did not take into account, and the Court did not

make a specific finding as to, the total revenue of St. Gabriel during the conspiracy time period. The Court further found, based on the government's argument, that all of Defendant's bonuses ($81,500) during the conspiracy should be forfeited. Accordingly, this Court entered a forfeiture judgment of $234,789.87 ($153,289.87 + $81,500).

On appeal, Defendant challenged only the forfeiture money judgment and fine. On January 11, 2024, the Fifth Circuit affirmed the fine but vacated the forfeiture money judgment and remanded "for more detailed findings by the district court regarding both Kirk's salary and his bonuses during the alleged fraud based upon the evidence originally presented." Doc. No. 239 at 8.

## II.    ARGUMENT

The parties agree that from 2011 to 2015, Defendant received $422,144.17 in compensation. *See* G-704. This amount included $340,644.17 in salary and other payments, and $81,500 in bonuses. The government addresses these two categories of forfeitable funds in turn.

1.    First, as to Defendant's salary and other payments, the government concedes that at sentencing it did not sufficiently address Defendant's proffer of evidence purportedly showing that St. Gabriel received approximately $10.2 million in total revenue during the time period of the conspiracy. However, a closer examination of those documents does not support a total revenue amount of $10.2 million. Instead, the financial statements offered by Defendant show a total revenue for 2011 through half of 2015 of only approximately $6.4 million. Defendant's calculation erroneously included funds from the "support" category, which encompasses "[g]rants and contracts." Grants and contracts are not necessarily company "[r]evenue," as reflected by the fact that the statements themselves separate those categories. In contrast, the "revenue" category that the government seeks to forfeit includes "health care services," i.e., the kinds of services that

were the subject of the indictment.  *See, e.g.*, D.3.006.

The Court should find, based on the financial statements offered by Defendant, that St. Gabriel received a total of $6,440,426 in total revenue during the conspiracy.  *See* D-3.006 (2011 total revenue of $725,858); *id.* (2012 total revenue of $1,536,965); D-3.036 (2013 total revenue of $1,623.007); D-3.061 (2014 total revenue of $1,589,541); D-3.090 (half of 2015 total revenue of $965,055).  A comparison of the fraudulent Medicaid proceeds ($1.8 million), *see* Doc. No. 217 (Judgment) (setting restitution amount of $1,841,527.31), unchallenged on appeal, to the correct total revenue for the timeframe of the conspiracy ($6,440,426) yields an approximate percentage of 28% (rounded up in favor of Defendant).  Applying this percentage to the $340,644.17 in salary and other payments that Defendant received during the conspiracy results in a total of $95,380,37.  The government submits that this amount represents a reasonable calculation of Defendant's salary and other payments attributable to the fraud.

2.        Second, as to Defendant's bonuses and incentive payments, the Court should again find that all of Defendant's bonuses during the conspiracy, totaling $81,500, should be forfeited.  As the government argued in its original forfeiture motion, the evidence at trial demonstrated that performance bonuses and incentive payments were given to Defendant as part of his employment contract, with the amount of the performance bonus awarded at the discretion of the St. Gabriel Board of Directors.  Under his employment contracts, in addition to his salary, Kirk received "incentive pay" tethered to two metrics: (1) an after-tax bonus equaling 5% of his annual salary if St. Gabriel was profitable; and (2) 20% of external funds received.  *See* Government Exhibit 376 at pp. 137-43 (employment contract providing Defendant with 20% of external funds received by St. Gabriel).  Kirk accordingly used the Character Counts! program to solicit external funds.  In applications for external funding, including to the Health Resources and Services Administration

("HRSA"), Defendant expressly referenced increased utilization of the Character Counts! program, costs of providing behavioral health services, and relationships with elementary schools to support requests for funding. *See* Joint Exhibit 100 (HRSA application and exhibits); Trial Tr. (rough) 9/22/2022, at 159:2-4 (testimony of Special Agent Joseph Springer) ("[I]t appeared to be them trying to get more money and justifying it by saying that they would be doing even more Character Counts."). Evidence further shows that Defendant often discussed the Character Counts! program at Board meetings, including reporting to the Board on the Medicaid revenue generated by the program, and consistently pressured counselors to see more and more students to increase numbers. Defendant then personally benefited from St. Gabriel's financial performance through these bonuses, even when his employees did not. *See* Trial Tr. (rough) 9/23/2022, at 159:2-4 (testimony of Michael Gaines that he received a "max" bonus of $800 during the entire time period).

Defendant has shown no error with the Court's original finding as to Defendant's bonuses and incentive payments. Unlike with the above category of revenue, at sentencing, Defendant offered no evidentiary support for his contention that the Court should apply a percentage limitation to these bonuses. *See* Defendant's Opposition to Government's Motion to Amend Preliminary Order of Forfeiture, Doc. No. 207 at 6 (conceding that other purported reasons for bonuses were "perhaps not fully developed at trial" and citing only to a single photograph of artwork inside a health center to claim that the bonuses were for the addition of artwork into St. Gabriel). There was no error in the Court's finding that the entire amount of bonuses during the conspiracy is forfeitable, and the Court may specifically support such finding by relying on the evidence adduced at trial that Defendant's bonuses and incentive payments were inexorably linked with the fraudulent provision of Character Counts! and billing to Medicaid, and awarded in

4

addition to Defendant's salary.

Based on the above revised calculations, the total amount received by Defendant based on his fraud scheme is $176,880.37. Thus, the government requests that this Court amend the Order of Forfeiture to reflect an amount certain, pursuant to Fed. R. Crim. P. 32.2(b)(2)(A), specifically a forfeiture money judgment in the amount of $176,880.37. The government submits that this forfeiture money judgment amount is fair to all parties and accurately represents the amount of the benefit to Defendant as a result of his convictions. The Fifth Circuit has upheld reasonable estimates for calculating criminal forfeiture. *United States v. Mazkouri*, 945 F.3d 293, 306–07 (5th Cir. 2019); *United States v. Ayika*, 837 F.3d 460, 467–68 (5th Cir. 2016).

## III.    CONCLUSION

The United States requests that this Court amend the Order of Forfeiture to reflect a forfeiture money judgment in the amount of $176,880.37.

Respectfully submitted,

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

*/s/ Justin M. Woodard*
Justin M. Woodard, LBN 37924
Assistant Chief
Kelly Z. Walters
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
707 Florida Street, Suite 208
Baton Rouge, LA 70801
Telephone: (202) 262-7868
Email: Justin.Woodard@usdoj.gov

Kristen L. Craig, LBN 32565
Assistant United States Attorney

777 Florida Street, Suite 208
Baton Rouge, LA 70801
Telephone: (225) 389-0443
Email: Kristen.Craig@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     :

    :   No. 19-cr-115-BAJ-RLB

*versus*     :

    :

VICTOR CLARK KIRK     :

## <u>SECOND AMENDED ORDER OF FORFEITURE</u>

**WHEREAS**, on November 7, 2022, the Court entered a Preliminary Order of Forfeiture (Doc. No. 167), ordering that a forfeiture money judgment be entered against the Defendant and in favor of the United States, and ordered that this forfeiture money judgment be amended pursuant to Fed. R. Crim. P., Rule 32.2(e)(1) once the amount was determined by this Court at or before sentencing; and

**WHEREAS**, on January 24, 2023, the Court entered an Amended Order of Forfeiture (Doc. No. 214), ordering a forfeiture money judgment in the amount of $234,789.87; and

**WHEREAS**, on January 11, 2024, the United States Court of Appeals for the Fifth Circuit vacated the forfeiture money judgment and remanded "for more detailed findings by the district court regarding both Kirk's salary and his bonuses during the alleged fraud based upon the evidence originally presented," Doc. No. 239 at 8; and

**WHEREAS**, on April 17, 2024, the Court held a hearing and heard argument from the parties regarding the appropriate forfeiture amount; and

**WHEREAS**, based on evidence introduced at trial, the Court finds that from 2011 to 2015, Defendant received $422,144.17 in compensation, including $340,644.17 in salary and other payments and $81,500 in bonuses and incentives; and

**WHEREAS**, based on legislative auditor documents submitted by Defendant, the Court

finds that during the time period of the conspiracy, St. Gabriel's total revenue during the conspiracy was $6,440,426; and

**WHEREAS**, a comparison of the fraudulent Medicaid proceeds ($1.8 million) to the total revenue ($6,440,426) yields an approximate percentage of 28%; and

**WHEREAS**, the Court finds that of the Defendant's salary, $95,380,37 (or 28%) is attributable to the fraud scheme; and

**WHEREAS**, based on evidence presented at trial, the Court finds that all of the $81,500 in bonus and incentive payments received by the Defendant during the conspiracy are attributable to the fraud scheme.

**IT IS HERBY ORDERED** that the Court's Amended Order of Forfeiture (Doc. No. 214) is hereby AMENDED, and a forfeiture money judgment is entered in the amount of $176,880.37 against the Defendant and in favor of the United States of America.

Baton Rouge, Louisiana, this _____ day of _____, 2024.

_____
**JUDGE BRIAN A JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

2